JOSHUA W. HARMON,

                Plaintiff,

v.                                                          Case No. 24-cv-437-pp

WISCONSIN DEPARTMENT
OF CORRECTIONS, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 13)**

On May 13, 2024, the court determined that plaintiff Joshua W. Harmon's amended complaint did not state a claim for relief, dismissed the case and entered judgment. Dkt. Nos. 11, 12. The court explained that the plaintiff's allegations that he was not allowed to use the bathroom for about an hour, which caused him to urinate on himself, did not constitute cruel and unusual punishment. Dkt. No. 11 at 9–11. It explained that the plaintiff could not proceed on claims related to alleged violations of prison policy, id. at 11–12, or on allegations that prison officials harassed him, id. at 12–13. The court did not allow the plaintiff to proceed on claims against officials who allegedly mishandled his administrative grievances because "there is no inherent constitutional right to a prison grievance system." Id. at 13–15 (citing Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); and Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011)). Finally, the court did not allow the plaintiff to

proceed against the Department of Corrections (DOC) or its secretary, whom he did not allege was personally involved in the misconduct. Id. at 15–16. Because the court was "certain that amendment would be futile," it did not allow the plaintiff to amend his complaint a second time. Id. at 16 (citing Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (cleaned up)).

On June 12, 2024, the court received the plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 59(e). Dkt. No. 13. The plaintiff reiterates his allegations about being denied use of a bathroom and reiterates that it was "done in arbitrary fashion" in violation of "DAI policy and procedure." Id. at 3–4. He reiterates his challenges to the complaint examiners' handling of his complaint and appeal, and he alleges new violations of the Administrative Procedure Act, the Due Process Clause of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment. Id. at 4–6. He again asserts that DOC Secretary Kevin Carr is liable for the alleged violations of his rights because he "oversees the affairs of the" DOC." Id. at 7. The plaintiff also filed an affidavit from his mother, Sarah Harmon, who echoes the plaintiff's allegations about him not being allowed to use a washroom and urinating on himself. Dkt. No. 14. He says that he provides this "newly discovered evidence to explain the remedial action that was taken after Plain[t]iff was denied the opportunity to end the visit and use a bathroom." Dkt. No. 13 at 2–3.

Under Rule 59(e), a party may move to alter or amend a judgment within twenty-eight days of the entry of judgment. The court may grant a motion under Rule 59(e) only if the moving party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Appeal, not reconsideration, is the time to deal with the majority of legal errors; therefore, a party may not reargue what the court has already rejected." Burney v. Thorn Americas, Inc., 970 F. Supp. 668, 671 (E.D. Wis. 1997) (citing Caisse Nationale De Credit Agricole v. CBI Indus. Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)).

The plaintiff's motion does not provide any basis for the court to reconsider its previous order dismissing the amended complaint. The bulk of the plaintiff's motion reiterates his allegations and the claims stated in the amended complaint. The court explained in the previous order why the plaintiff's allegations about being denied use of a bathroom did not state an Eighth Amendment claim. The court explained that a violation of prison policy, on its own, does not state a claim under §1983. The court explained why the

complaint examiners could not be held liable for mishandling or misinterpreting the plaintiff's administrative grievances. The court explained that Secretary Carr cannot be held liable merely because he holds a supervisory role within the DOC. The plaintiff has not engaged with the court's reasoning or cited relevant, controlling precedent suggesting that the court made a manifest error of law. He simply reiterates his allegations and says that he disagrees with the court's conclusions. A motion for reconsideration under Rule 59(e) "is not an appropriate forum for rehashing previously rejected arguments." Caisse Nationale, 90 F.3d at 1270. As the court explained above, the plaintiff's disagreement with the court's screening of his amended complaint is not a basis for reconsideration—it is a basis for an appeal from the judgment. See Burney, 970 F. Supp. at 671.

The plaintiff filed an affidavit from his mother that he says is "newly discovered evidence." This affidavit is not "newly discovered," it is newly *presented*. The plaintiff's mother observed the alleged events in real time and could have provided an affidavit about her observations before the plaintiff filed this lawsuit. This newly presented, but not new, evidence is not a proper ground for altering the judgment. See Bordelon, 233 F.3d at 529. Even if her written affidavit was not previously available, the plaintiff could have told the court in his amended complaint that his mother witnessed the events and was willing to provide a statement. Even then, the plaintiff's mother's statement does not offer new information. It provides her account of events that the plaintiff already alleged in his amended complaint. Because the court accepted

4

the plaintiff's allegations as true in the screening order, his mother's affidavit does not add anything new or change the court's analysis of his Eighth Amendment claim.

The plaintiff also attempts to bring new claims under the Administrative Procedure Act and the Fifth and Fourteenth Amendments that he did not previously raise in his amended complaint. But Rule 59(e) "does not allow a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). If the plaintiff wanted to bring claims under these laws, he should have included allegations supporting those claims in his amended complaint.

The plaintiff has not demonstrated that the court committed any manifest error of law or fact in the screening order. Nor has he presented newly discovered evidence that changes the court's conclusion that his amended complaint does not state a claim. The plaintiff's proper recourse to challenge the court's judgment is an appeal to the Seventh Circuit Court of Appeals, not a motion to alter or amend the judgment.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 19th day of August, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**